Eastern District of Kentucky
F I L E D
APR 01 2021
AT LEXINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br><br> v. <br><br> PATSY WARDLE, <br> Defendant. | CRIMINAL NO. 5:18-57-KKC <br><br> **OPINION AND ORDER** |

\*\* \*\* \*\* \*\* \*\*

This matter is before the Court on Defendant Patsy Wardle's motion for compassionate release. (DE 359.) On April 24, 2019, a jury convicted Wardle of two counts of distribution of oxycodone and one count of conspiracy to distribute oxycodone. (DE 197.) This Court sentenced Wardle to 148 months of imprisonment on August 30, 2019. (DE 287 at 2.) Her projected release date is October 21, 2029. Wardle is currently incarcerated at FCI Pekin.

Wardle now moves the Court to modify her sentence under 18 U.S.C. § 3582(c)(1)(A), which provides for what is commonly referred to as "compassionate release." To support her motion, Wardle cites to a long list of underlying medical conditions, including obesity, a history of cardiac issues, hypertension, hyperinflated lungs, and shortness of breath. (DE 359 at 5-6.) Due to these underlying conditions, Wardle argues that she is particularly vulnerable to COVID-19. (*Id.* at 7.) For the following reasons, Wardle's motion (DE 359) is denied.

I.

Prior to the First Step Act, PL 115-391, 132 Stat 5194 (Dec. 21, 2018), the Court could not grant a motion for compassionate release unless the director of the Bureau of Prisons

1

("BOP") filed the motion. *See* 18 U.S.C. § 3582(c)(1)(A) (2002). The First Step Act amended § 3582(c)(1)(A) to allow the court to grant a motion for compassionate release filed by the defendant himself "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . " 18 U.S.C. § 3582(c)(1)(A); PL 115-391, 132 Stat 5194 § 603 (Dec. 21, 2018). The Sixth Circuit has determined that the occurrence of one of the two events mentioned in the statute is a "mandatory condition" to the Court granting compassionate release. *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020). If the government "properly invoke[s]" the condition, the Court must enforce it. *Id.* at 834 (citation and quotation marks omitted). Here, the government does not dispute that Wardle has met the exhaustion requirement. (*See* 367 at 4.) Therefore, the Court has authority to consider Wardle's request for compassionate release.

## II.

The compassionate release statute permits this Court to "reduce the term of imprisonment" and "impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment." 18 U.S.C. § 3582(c)(1)(A). Under the applicable provision of Section 3582(c)(1)(A), however, the Court may grant this relief only if it finds that "extraordinary and compelling reasons warrant such a reduction," and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

The statute does not define what it means to be "extraordinary and compelling." The commentary to the policy statement by the Sentencing Commission applicable to Section 3582(c)(1)(A) provides some guidance; however, the Sixth Circuit has recently determined that the policy statement applies only to motions filed by the BOP and does not apply when

2

a defendant moves for compassionate release on the defendant's own behalf. *United States v. Jones*, 980 F.3d 1098, 1108-11 (6th Cir. 2020). In such cases, district courts are no longer constrained by the reasons enumerated in § 1B1.13's application note. *See id.*; *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021); *see also United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020). Thus, courts need not rely on the application note as binding in its analysis; instead, a court may exercise its "full discretion" to determine whether the defendant has demonstrated extraordinary and compelling reasons for compassionate release, *Jones*, 980 F.3d at 1111, and, if so, whether the section 3553(a) factors weigh in favor of release.

For purposes of this motion, the Court will assume that Wardle's health conditions amidst the COVID-19 pandemic in a prison setting present extraordinary and compelling circumstances that would warrant a sentence reduction. Even assuming, however, that extraordinary and compelling circumstances do exist that warrant a sentence reduction, the Court must still consider whether "the factors set forth in section 3553(a) to the extent that they are applicable" support the requested sentence reduction. 18 U.S.C. § 3582(c)(1)(A); *Jones*, 980 F.3d at 1107-1108. These factors include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed--
    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B) to afford adequate deterrence to criminal conduct;
    (C) to protect the public from further crimes of the defendant; and
    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; [and]

(3) the kinds of sentences available;

18 U.S.C. § 3553(a)(1)-(3).

The § 3553(a) factors also include the "kinds of sentence and the sentencing range" established in the guidelines; "any pertinent policy statement" issued by the Sentencing Commission; "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;" and "the need to provide restitution to any victims of the offense." § 3553(a)(4)-(7).

The Court considered these factors at Wardle's sentencing hearing and has reconsidered these factors for the purposes of this motion (*See* Sentencing Tr.) The nature and circumstances of Wardle's crimes are serious and violent. She was convicted of two counts of distribution of oxycodone and one count of conspiracy to distribute oxycodone. (DE 197.) While Wardle does not have a significant criminal history (PSR ¶¶ 39-44), Wardle's drug trafficking offenses suggest that she poses a continued danger to the safety of the community. *See United States v. Stone*, 608 F.3d 939, 947 n.6 (6th Cir. 2010) ("[D]rug trafficking is a serious offense that, in itself, poses a danger to the community."). In searching Wardle's residence, officers also found multiple firearms. (PSR ¶ 22; Sentencing Tr. at 8:6-11.) Based upon the record before it, the Court cannot find that Wardle would not pose a danger to the community if she were to be released.

The guideline range for Wardle, as established under the sentencing guidelines, was 151 months to 188 months, but Wardle was sentenced to 148 months. (PSR ¶ 68; Sentencing Tr. at 3:8-11; DE 287 at 2.) Therefore, Wardle was sentenced below the sentencing guideline range. To date, Wardle has only served approximately 15% of her term. (*See* 369-6 at 2.) Considering the need for Wardle's prison term to deter future criminal conduct, promote respect for the law, and provide just punishment, release is simply not appropriate.

To the extent that Wardle asserts that the prison is not adequately protecting prisoners from COVID-19 infections (*see* DE 359 at 11-12), this may be viewed as a request for release based upon the Eighth Amendment's prohibition against cruel and unusual

4

punishment. Such a claim is not proper on a motion for compassionate release. Instead, a request for release on constitutional grounds is properly brought as a claim for habeas relief under 28 U.S.C. § 2241 because such claim "challenge[s] the fact or extent of [the defendant's] confinement by seeking release from custody." *Wilson v. Williams*, 961 F.3d 829, 837 (6th Cir. 2020).

### III.

Accordingly, in consideration of the § 3553(a) factors and for the reasons stated in this opinion, it is not appropriate to order Wardle's release at this time. The Court HEREBY ORDERS that Defendant Patsy Wardle's motion for compassionate release (DE 359) is DENIED.

4/1/2021 

Signed By:
Karen K. Caldwell
United States District Judge